IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

MARQUII JACOBS,

    Plaintiff,

v.

WELLS FARGO BANK, NA; and SHAPIRO PENDERGAST & HASTY LLP,

    Defendants.

CIVIL ACTION NO.: 4:19-cv-186

## O R D E R

This matter comes before the Court upon Plaintiff's failure to comply with the Court's Order of March 24, 2020, (doc. 8), and her failure to prosecute this action.[1] For the following reasons, the Court **GRANTS** Defendant Wells Fargo Bank, NA's Motion to Dismiss, (doc. 6), and **DISMISSES** Plaintiff's claims **without prejudice** for failure to follow the Court's directive, failure to effectuate service of process, and failure to prosecute.

### BACKGROUND

On July 1, 2019, Plaintiff, proceeding pro se, filed a Complaint in the Superior Court of Chatham County, naming Wells Fargo Bank, NA ("Wells Fargo") and Shapiro Pendergast & Hasty LLP as Defendants. (Docs. 1-1, 7-1.) Almost one month later, Wells Fargo removed the case to this Court. (Doc. 1.) Within a week of removal, Wells Fargo moved to dismiss Plaintiff's Complaint for failure to state a claim and for insufficiency of process and insufficiency of service

---

[1] This case was administratively stayed pending Plaintiff's filing of a response to the pending Motion to Dismiss or an amended complaint. (Doc. 8.) The deadline for such filing having passed, the Court **DIRECTS** the Clerk of Court to **LIFT** the stay and enter this Order in the case.

of process. (Doc. 6.) On March 24, 2020, the Court ordered Plaintiff to file a response within twenty-eight days either opposing the Motion to Dismiss or indicating her lack of opposition. (Doc. 8.) The Court alerted Plaintiff that, should she fail to respond to the Motion to Dismiss, the Court would presume she does not oppose the Motion. (Id. at pp. 1–2.) In addition, the Court noted that Plaintiff could choose to seek to amend her Complaint, and the Court also provided Plaintiff with a copy of Federal Rules of Civil Procedure 12, 15, and 41 to ensure that she had full notice of the requirements of the Rules regarding motions to dismiss, amendments of pleadings, and dismissal of actions. (Id.) Plaintiff has entirely failed to respond to the Motion to Dismiss. Indeed, Plaintiff has not made any filings in this case since Wells Fargo removed the action to this Court nearly nine months ago.

As to Shapiro Pendergast & Hasty, there is no indication from this Court's docket or the docket for the superior court action (prior to removal) that it has been served with process since the case was filed almost ten months ago, and it has made no appearance in the action.[2]

## DISCUSSION

The Court must now determine how to address Plaintiff's failure to comply with this Court's Order, her failure to respond to the Motion to Dismiss, her apparent failure to serve either Defendant, and her failure to diligently pursue her claims. For the reasons set forth below, the Court finds that Plaintiff's claims should be dismissed.

**I.  Plaintiff's Claims against Both Defendants are Subject to Dismissal for Her Failure to Effectuate Service of Process**

First, the Court addresses Plaintiff's failure to serve the Defendants. In a removed case, a plaintiff is afforded 90 days from the date of removal to perfect service. See Fed. R. Civ. P. 4(m);

---

[2] See Chatham County Court Case Search System, *available at* https://cmsportal.chathamcounty.org/portal (click on "Smart Search" icon, then search for SPCV19-00650-FR; last visited April 26, 2020).

Moore v. McCalla Raymer, LLC, 916 F. Supp. 2d 1332, 1340 (N.D. Ga. 2013) (noting that the time period for service runs from the date of removal).  Even litigants who, like Plaintiff, are proceeding pro se must comply with the Federal Rules of Civil Procedure, see Anderson v. Dist. Bd. of Trustees of Cent. Florida Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996), as well as with the Local Rules of this Court.  Thus, Plaintiff should have served Wells Fargo and Shapiro Pendergast & Hasty on or before October 29, 2019.  The docket contains nothing indicating that service was properly made.[3]  See Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court.").  Rule 4(m) provides that if a defendant is not timely and properly served, "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Fed. R. Civ. P. 4(m).  A plaintiff may obtain an extension of time for service of process upon the showing of good cause.  Id.  Here, Plaintiff has neither requested an extension of time nor demonstrated good cause for an extension.  This Court is nonetheless required to consider on its own initiative whether any circumstances exist that would warrant granting an extension of time to Plaintiff.  Rance v. Rocksolid Granit USA, Inc., 583 F.3d 1284, 1286 (11th Cir. 2009).  In light of the Court's analysis and determination, set forth below, regarding Plaintiff's failure to prosecute her claims, the Court finds that no such circumstances exist and Plaintiff's claims are subject to dismissal without prejudice for failure to effectuate service of process.

---

[3] There is no indication that service was even attempted as to Shapiro Pendergast & Hasty.  As to Wells Fargo, its Notice of Removal and an exhibit thereto indicate that it was provided photos of portions of the Complaint, but in both the Notice of Removal and the Motion to Dismiss Wells Fargo explicitly denies that it has been served with process.  (See Doc. 1, p. 3; doc. 6, p. 7.)  No affidavit or return of service for either Defendant appears on this Court's docket or the superior court's docket for the case.

3

### II. All of Plaintiff's Claims are Subject to Dismissal for Failure to Prosecute

A district court may dismiss a plaintiff's claims for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) ("Rule 41(b)") and the court's inherent authority to manage its docket. Link v. Wabash R.R. Co., 370 U.S. 626 (1962);[4] Coleman v. St. Lucie Cty. Jail, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where she has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); see also Coleman, 433 F. App'x at 718; Sanders v. Barrett, No. 05-12660, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing Kilgo v. Ricks, 983 F.2d 189, 192 (11th Cir. 1993)); cf. Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice[,] . . . [based on] [w]illful disobedience or neglect of any order of the Court . . . ."). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." Brown v. Tallahassee Police Dep't, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting Jones v. Graham, 709 F.2d 1457, 1458 (11th Cir. 1983)).

It is true that dismissal with prejudice for failure to prosecute is a "'sanction . . . to be utilized only in extreme situations'" and requires that a court "(1) conclud[e] a clear record of delay or willful contempt exists; and (2) mak[e] an implicit or explicit finding that lesser sanctions would not suffice." Thomas v. Montgomery Cty. Bd. of Educ., 170 F. App'x 623, 625–26 (11th Cir. 2006) (quoting Morewitz v. West of Eng. Ship Owners Mut. Prot. & Indem. Ass'n (Lux.), 62

---

[4] In Wabash, the Court held that a trial court may dismiss an action for failure to prosecute "even without affording notice of its intention to do so." 370 U.S. at 633. Nonetheless, in the case at hand, the Court advised Plaintiff that her failure to respond to the Motion to Dismiss would result in dismissal of this action.

4

F.3d 1356, 1366 (11th Cir. 1995)); see also Taylor v. Spaziano, 251 F. App'x 616, 619 (11th Cir. 2007) ("A district court may impose a dismissal with prejudice for want of prosecution only if there is a 'clear record of delay or contumacious conduct by the plaintiff.'") (quoting Morewitz, 62 F.3d at 1366).  By contrast, dismissal without prejudice for failure to prosecute is not an adjudication on the merits, and, therefore, courts are afforded greater discretion in dismissing claims in this manner.  Id. at 619; see also Coleman, 433 F. App'x at 719; Brown, 205 F. App'x at 802–03.

While the Court exercises its discretion to dismiss cases with caution, dismissal of this action without prejudice is warranted.  See Coleman, 433 F. App'x at 719 (upholding dismissal without prejudice for failure to prosecute Section 1983 complaint where plaintiff did not respond to court order to supply defendant's current address for purpose of service); Taylor, 251 F. App'x at 620–21 (upholding dismissal without prejudice for failure to prosecute, because plaintiffs insisted on going forward with deficient amended complaint rather than complying, or seeking an extension of time to comply, with court's order to file second amended complaint); Brown, 205 F. App'x at 802–03 (upholding dismissal without prejudice for failure to prosecute Section 1983 claims, where plaintiff failed to follow court order to file amended complaint and court had informed plaintiff that noncompliance could lead to dismissal).

Despite having been advised of her obligation to respond to Wells Fargo's Motion to Dismiss and the consequences for failing to respond, Plaintiff has not filed any opposition to the Motion.  With regard to both Defendants, she has run afoul of the 90-day deadline for perfecting service in a removed case, and the Court therefore **GRANTS** Wells Fargo's Motion to Dismiss. (Doc. 6.)  Moreover, with Plaintiff not having taken any action on this case for approximately ten months, she has failed to diligently prosecute her claims, making dismissal appropriate.

**CONCLUSION**

For the above-stated reasons, the Court **GRANTS** Wells Fargo's Motion to Dismiss, (doc. 6), **DISMISSES** this action without prejudice, and **DIRECTS** the Clerk of Court to enter the appropriate judgment of dismissal and to **CLOSE** this case. [5]

**SO ORDERED**, this 28th day of April, 2020.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[5] While the Court dismisses this action without prejudice, even if the practical effect of the dismissal is to prevent Plaintiff from prosecuting these claims, dismissal is still warranted. Plaintiff has exhibited a clear record of delay and contempt and no sanction other than dismissal will suffice to address her failure to follow the Court's orders and her failure to prosecute.